FILED

2014 Sep-25  AM 08:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **HYRMON CARTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **1:13-cv-2113-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **ACTING COMMISSIONER OF** | ) | |
| **THE SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Hyrmon Carter ("Carter") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision—which has become the decision of the Commissioner—is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

## I. Procedural History

Carter filed his application for Title II period of disability and disability

insurance benefits, as well as Title XVI Supplemental Security Income, on July 28, 2010 (R. 70, 150-151), alleging a disability onset date of March 15, 2010, (R. 178), due to an acute cerebrovascular accident, acute systolic congestive heart failure, subclinical hyperthyroidism, hypertension, and a prior heart attack. (R. 182). After the SSA denied his application on November 22, 2010, (R.83-85), Carter requested a hearing, (R. 93-94). At the time of the hearing on December 1, 2010, Carter was 48 years old, (R. 23-36, 150, 152), had completed two years of college (R. 183-64), and previously worked as a software engineer, project director, and technical support specialist, (R. 48-51; 207-14). Carter has not engaged in substantial gainful activity since May of 2009, when his contract with Thompson West expired. (R. 48-49, 61).

The ALJ denied Carter's claim on April 24, 2011, (R. 23–36), which became the final decision of the Commissioner when the Appeals Council refused to grant review on September 19, 2013, (R. 1–3). Carter then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3), on November 20, 2013. Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v.*

*Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If they are supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at

701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)   whether the claimant is currently unemployed;

(2)   whether the claimant has a severe impairment;

(3)   whether the impairment meets or equals one listed by the Secretary;

(4)   whether the claimant is unable to perform his or her past work; and

(5)   whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. The ALJ's Decision

In performing the five step sequential analysis, the ALJ initially determined that Carter had not engaged in substantial gainful activity since his application date and therefore met Step One. (R. 25). Next, the ALJ acknowledged that Carter's severe impairments of hypertension, status post cerebrovascular accident and congestive heart failure, cardiomyopathy, and thyroid disease met Step Two. (R. 25–27). The ALJ then proceeded to the next step and found that Carter did not satisfy Step Three since he "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. . . " (R. 27). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four, where he determined that Carter

has the residual functional capacity to perform medium work as
defined in 20 CFR 404.1567(c) and 416.967(c) except as noted. He
cannot climb ladders, ropes, or scaffolds. He can at least occasionally
balance with no assistive device. He must avoid concentrated
exposure to extreme temperatures. He must avoid exposure to
unprotected heights and moving machinery.

(R. 28). In light of Carter's RFC, the ALJ determined that Carter "is capable of

performing past relevant work as a Software Engineer, Project Director, and

Technical Support Specialist. This work does not require performance of work-

related activities precluded by the claimant's residual functional capacity." (R.

35). Because the ALJ answered Step Four in the negative, he determined that

Carter was not disabled. (R. 36).

## V. Analysis

The court turns now to Carter's contention that the ALJ failed to properly

evaluate the medical evidence of record from Dr. Anthony J. Fava, M.D. Doc. 11

at 6-12. For the reasons stated below, the court finds that the ALJ applied the

correct legal standards and his opinion is supported by substantial evidence.

A.   The ALJ properly evaluated the report from the consultative
     examiner.

Dr. Fava examined Carter on November 17, 2010, at the request of the SSA.

(R. 982-987). In his report, Dr. Fava stated that Carter "is able to perform the

following work-related activities: sitting; standing and walking for less than 30

minutes; lifting, carrying, and handling objects weighing less than 1lb; hearing and speaking; he is unable to travel." (R. 985). The vocational expert present at the hearing testified that Carter would be incapable of performing any work related activities if Dr. Fava's comment regarding Carter's functional capacity were accurate. (R. 66). Accordingly, Carter contends Dr. Fava's opinion establishes his disability and that the ALJ erred in giving it little weight. Doc. 11 at 6.

The ALJ is not required to adopt the opinion of any one medical source, but must instead consider the totality of the evidence in arriving at a conclusion regarding disability. *See* 20 C.F.R. §§ 404.1527(b), (c); 416.927(b),(c); *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Moreover, the regulations afford differing standards for determining evidentiary weight based on three medical source classifications: nonexamining sources, nontreating (but examining) sources, and treating sources. *See* 20 C.F.R. §§ 404.152; 404.1527; 416.902; 416.927. As a nontreating physician, Dr. Fava's opinion was not entitled to controlling weight under 20 C.F.R. § 404.1537(c)(2). Consequently, the ALJ had to consider several factors to determine the weight, if any, to give Dr. Fava's opinions. These factors include whether Dr. Fava (1) had examined Carter; (2) had a treating relationship with Carter; (3) presented medical evidence and explanation supporting the opinion; (4) provided an opinion that is consistent with the record

as a whole; and (5) is a specialist. *See* 20 C.F.R. §§ 404.1527(c); 416.927(c).

Moreover, the ALJ "may reject the opinion of any physician when the evidence

supports a contrary conclusion." *Bloodworth v. Heckler*, 703 F.2d 1233, 1240

(11th Cir. 1983). Indeed, even a treating physician's opinions, which are entitled

to more deference than those of Dr. Fava, may be rejected if the ALJ has "good

cause." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

     The ALJ considered these factors and ultimately gave little weight to Dr.

Fava's comment regarding Carter's functional capacity. (R. 35). In reaching this

decision, the ALJ provided several reasons - all of which are supported by

substantial evidence - that constituted good cause for rejecting Dr. Fava's opinion.

Specifically, the ALJ found that Dr. Fava's comment was inconsistent with the

record, including Dr. Fava's own assessment. *Id.*

     For instance, the ALJ noted that Dr. Wyndol Hamer, M.D. examined Carter

at the Oxford Clinic on February 21, 2011, and reported that Carter ambulated

with little difficulty, sat comfortably on the examination table without difficulty or

evidence of pain, and that a  musculoskeletal examination revealed no muscle

facsciculations, atrophy, muscle weakness, asymmetry, or reduced range of

motion. (R. 32-33, 1023).  Next, the ALJ also noted that  Dr. Robert Summerlin,

Ph.D., who performed a consultive psychological evaluation of Carter in

November of 2010, claimed that Carter was making "good progress in returning to a normal level of functioning subsequent to his cardiovascular accident," and that he "did not find evidence of a psychological disorder which would cause him to be unemployable." (R. 31, 981). Additionally, the ALJ evaluated Dr. Robert Estock's Psychiatric Review Technique Form, where Dr. Estock opined that Carter lacked a severe mental impairment, and had mild restrictions of the activities of daily living; no difficulty in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation, each of extended duration. (R. 32, 989, 999).

More significantly, the ALJ noted that Dr. Fava's own medical findings contradicted his "comment." (R. 35). Specifically, Dr. Fava reported that Carter had a normal range of motion in the dorsolumbar spine and that he was able to ambulate normally.[1] (R. 984, 986). Dr. Fava also reported that Carter had no problem getting on and off the examination table, was able to squat and arise, was able to heel and toe walk with minimal difficulty, and showed no evidence of ataxia or spasticity. (R. 984). As the ALJ found, none of these findings are consistent with Dr. Fava's comment that Carter only had the capacity to sit, stand,

---

[1]Inexplicably, Dr. Fava's report notes that the range of motion in Carter's back was "decreased as indicated on accompanying chart." (R. 984). However, the accompanying chart, (R. 986), indicates normal range of motion in Carter's back.

or walk for less than 30 minutes, lift, carry, or handle objects weighing less than one pound, and could not travel. The inconsistencies between the multiple medical examinations and Dr. Fava's comment, along with the fact that Dr. Fava is neither a treating physician nor a specialist, justifies the ALJ's decision to give his comment little weight. See 20 C.F.R. §§ 404.1527(c); 416.927(c). Therefore, the court finds the ALJ properly evaluated Dr. Fava's findings.

B.   The ALJ is Not Required to Request a Supplemental Report

Carter next contends that, if the ALJ found Dr. Fava's opinion to be inconsistent, he is required to re-contact Dr. Fava for clarification, pursuant to 20. C.F.R. §§ 404.1519p(b) and 416.919p. Doc. 11 at 9. Carter's contention is based on a misinterpretation of the regulatory definition of "inadequate or incomplete." A complete consultative examination report includes: (1) the claimant's major or chief complaints; (2) a detailed description of the claimant's history of the major complaints; (3) a description of pertinent positive and negative detailed findings based on the history, examination, and lab tests related to the major complaints and any other abnormalities or lack thereof found during the exam or lab tests; (4) the results of the lab tests; (5) the diagnosis and prognosis for the claimant's impairment; (6) a statement about what the claimant can still do despite the impairments; and (7) an explanation or comment by the medical source on the

claimant's major complaints. *See* 20 C.F.R. §§ 404.1519n(c)(1)-(7), 416.919n(c)(1)-(7). Carter does not claim that Dr. Fava's report lacks a requisite element of a complete examination. Moreover, the ALJ did not reject Dr. Fava's report for being inadequate or incomplete; rather, the ALJ found that Dr. Fava's comment was inconsistent with his own examination and the record as a whole. (R. 35). Because the ALJ had no duty to re-contact Dr. Fava before discounting his comment, *see Davidson v. Astrue*, 370 F. App'x 995, 998 (11th Cir. 2010) (ALJ not required to re-contact examining physician to furnish missing information when report satisfies all requirements of the law), remand for reconsideration of the opinion of Dr. Fava is not required.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Carter is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

Done this 25th Day of September, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE